# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KEVIN DAVID COBB,                                Case No. 1:10-cv-234
       Petitioner,

                                        Barrett, J.

       vs.                                      Bowman, M.J.

WARDEN, WARREN CORRECTIONAL            **REPORT AND**
INSTITUTION,                           **RECOMMENDATION**
       Respondent.

       Petitioner, an inmate in state custody at the Warren Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  This matter is before the Court on the petition, respondent's return of writ, and petitioner's traverse.  (Docs. 1, 6, 10).

## I.    PROCEDURAL HISTORY

### State Court Proceedings

       On October 25, 2006, the Butler County, Ohio grand jury returned an indictment charging petitioner with one count of felonious assault, one count of unlawful sexual conduct with a minor, one count of retaliation, one count heroin possession, two counts of cocaine possession, three counts of trafficking in heroin, four counts of drug trafficking, one count of aggravated drug trafficking, one count of engaging in a pattern of corrupt activity, and one count of abduction.  (Doc. 6, Ex. 1).  Through counsel, petitioner moved the trial court to sever the counts of the indictment (Doc. 6, Ex. 2), and to suppress evidence and statements obtained during searches of petitioner's home and vehicle (Doc. 6, Ex. 4).  On February 5, 2007, the trial court denied both motions.  (Doc. 6, Ex. 3 & Suppression Transcript, p. 26).  After a jury trial, petitioner was found guilty on all counts and sentenced to an aggregate term of twenty-nine years

in prison.  (*See* Doc. 6, Ex. 11, p. 6).[1]

On June 29, 2007, petitioner filed a timely notice of appeal to the Twelfth District Court of Appeals.  (Doc. 6, Ex. 8).  Petitioner's brief raised six assignments of error:

1. The trial court erred in failing to suppress evidence gained against appellant through illegal search, and counsel provided ineffective assistance in failing to investigate and fully inform the court of sufficient facts concerning suppression issues.

2. Appellant was denied effective assistance of counsel through counsel's failure to raise a valid entrapment defense at trial.

3. Appellant was denied his constitutional right to effective assistance of counsel through counsel's failure to renew his objection to joinder of offenses at the conclusion of the state's case.

4. Appellant received ineffective assistance of counsel through counsel's failure to object to the state's playing a one-sided taped telephone conversation.

5. Appellant was prejudiced through the court's admission of evidence concerning a break-in at Malaysia Brown's residence.

6. Appellant's convictions are not supported by the manifest weight or the sufficiency of the evidence.

(Doc. 6, Ex. 9).  On October 6, 2008, the Ohio appellate court affirmed the judgment of the trial court, but remanded the case for the trial court to correct the sentencing entry.[2]  (Doc. 6, Ex. 11).

By letter dated December 8, 2008, petitioner's appellate counsel provided petitioner with

---

[1] The trial court's initial judgment of conviction and sentence indicates that petitioner was given a sentence of ten years for his conviction on count twelve of the indictment, to run consecutively to count fifteen.  (Doc. 6, Ex. 6, p. 3).  On appeal, based on its review of "the transcript of the disposition hearing and the Department of Rehabilitation and Correction's notice of commitment and calculation of sentence," the Ohio appellate court noted that the trial court erroneously listed petitioner's ten-year sentence for his conviction on count twelve of the indictment to run consecutively to count fifteen.  (*See* Doc. 6, Ex. 11, p. 40).  The appellate court remanded the case for the trial court to correct the sentencing error, noting that the change would not impact the aggregate sentence imposed.  *Id.*  The trial court entered an amended judgment of conviction on November 3, 2008, indicating that the sentence imposed for petitioner's conviction on count twelve is to be served concurrently with that of count fifteen.  (Doc. 6, Ex. 7).

[2] The appellate court found two sentencing issues: (1) petitioner was convicted of possession of cocaine as a fourth-degree felony but sentenced him as if it were a second-degree felony and (2) the trial court erroneously listed petitioner's sentence for his conviction of trafficking in cocaine to run consecutively to count fifteen.  (Doc. 6, Ex. 11, pp. 39-40).  The Ohio Court of Appeals noted that the errors would not impact the aggregate sentence imposed.

a copy of the Ohio appellate court decision, indicating that petitioner's mother had informed appellate counsel that the Ohio appellate court had not provided petitioner with a copy of the decision.  (Doc. 6, Ex. 12, Attachment 2).   Petitioner thereafter sought assistance from the Ohio Public Defender's Office who, by letter dated February 2, 2009, declined to represent him on appeal to the Ohio Supreme Court.  (Doc. 6, Ex. 12, Attachment 3).  The public defender informed petitioner that because the November 20, 2008 deadline to file an appeal to the Ohio Supreme Court had passed, that petitioner would need to file a motion for delayed appeal.  *Id.*

On March 13, 2009, petitioner filed a pro se motion for leave to file a delayed appeal to the Ohio Supreme Court.  (Doc. 6, Ex. 12).  In support of his motion, petitioner averred that he was unable to file a timely appeal because his counsel failed to notify him of the opinion until after the 45-day filing deadline had passed.  *Id.* at 2.

On May 6, 2009, the Ohio Supreme Court denied petitioner's motion for a delayed appeal without opinion.  (Doc. 6, Ex. 14).

### Federal Habeas Corpus

The instant federal habeas corpus action was filed with the Court on April 4, 2010.  (Doc. 1).  Petitioner alleges six grounds for relief:

Ground One:  The trial court erred in failing to suppress evidence.

Supporting Facts:  Evidence was obtained as a result of an illegal search.

Ground Two:  The trial court erred in admitting irrelevant prejudicial evidence.

Supporting Facts: Evidence regarding an uncharged burglary at the victim's residence was unduly prejudicial and irrelevant.

Ground Three:  Ineffective assistance of trial counsel.

Supporting Facts:   a) failure to investigate and fully inform the trial court of sufficient facts warranting suppression of evidence; b) failure to raise a valid

---

*Id.* at 40.

entrapment defense; c) failure to renew an objection to joinder of offenses at the conclusion of the trial; d) failure to object to state's playing a 1-sided taped telephone conversation before the jury.

Ground Four:  Insufficient evidence.

Supporting Facts:  a) No credible evidence to support felonious assault or firearm specification; b) no credible evidence of possession of cocaine on either occasion or firearm specification; c) no credible evidence to support trafficking in cocaine on either occasion; d) no credible evidence to support trafficking in crack cocaine; e) no credible evidence to support engaging in a pattern of corrupt activity; and f) no credible evidence to support abduction.

Ground Five:  Denial of Due Process and a Fair Trial.

Supporting Facts: a) prosecutorial misconduct in defining burdens of proof to the jury; and b) ineffective assistance of counsel for failing to object.

Ground Six:  Insufficient evidence to support Sexual Predator Specification

Supporting Facts: No evidence to support likelihood that Petitioner is likely to engage in another sexually oriented offense in the future.

(Doc. 1).

Respondent opposes the habeas petition.  (Doc. 6).  In the return of writ, respondent contends that petitioner has procedurally defaulted his grounds for relief because he failed to fairly present the merits of his claims to the Ohio Supreme Court.  *Id.* at 10-16.

## III.  THE PETITION SHOULD BE DISMISSED BECAUSE PETITIONER'S GROUNDS FOR RELIEF ARE PROCEDURALLY DEFAULTED.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1)(c).  *See also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  A constitutional claim for relief must be presented to

the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 99-100 (6th Cir. 1985).  If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review.  *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a directed verdict.  *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to

5

dismissal with prejudice as waived.  *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489

U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985).  *See also Weaver,*

888 F.2d at 1099.   The Sixth Circuit applies a four-part test to determine if a claim is

procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable
> to the petitioner's claim and that the petitioner failed to comply with the rule; (2)
> the court must determine whether the state courts actually enforced the state
> procedural sanction; (3) it must be decided whether the state procedural forfeiture
> is an adequate and independent state ground upon which the state can rely to
> foreclose review of a federal constitutional claim; and (4) if the court has
> determined that a state procedural rule was not complied with and that the rule
> was an adequate and independent state ground, then the petitioner is required to
> demonstrate that there was cause for him not to follow the procedural rule and
> that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138

(6th Cir. 1986).  A state ground is "adequate and independent" if it is "firmly established and

regularly followed."  *Rideau v. Russell*, 342 F. App'x 998, 1002 (6th Cir. 2009) (quoting *Ford v.*

*Georgia*, 498 U.S. 411, 423-24 (1991)).

In determining whether a state court rested its holding on a procedural default so as to bar

federal habeas review, "the last state court rendering a judgment in the case must have based its

judgment on the procedural default."  *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing

*Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991)).

Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state

court rendering a decision makes a plain statement to that effect.  *Harris,* 489 U.S. at 261.  No

such statement is necessary, however, if the petitioner failed to present the relevant issues to the

state court.  *Id.* at 263 n.9.  *See also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion)

("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to

address a claim that is later raised in a federal habeas proceeding.").  In that event, the federal

habeas court may hold the claim procedurally defaulted "if it is clear that the state court would

hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.  Where the last reasoned

opinion addressing a claim explicitly relies on a procedural default, it is presumed that the last

state court judgment summarily dismissing that claim likewise relied on the procedural bar.  *Ylst,*

501 U.S. at 803 (1991); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Rust*, 17 F.3d at

161; *Simpson*, 94 F.3d at 203.

      If, because of a procedural default, a petitioner can no longer present his claims to a state

court, he has waived them unless he can demonstrate cause for the procedural default and actual

prejudice resulting from the alleged constitutional errors, or that failure to consider the claims

will result in a "fundamental miscarriage of justice."  *Coleman,* 501 U.S. at 750.  *See also*

*Murray v. Carrier,* 477 U.S. 478, 495 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Sykes,*

433 U.S. at 87.

      "'[C]ause' under the cause and prejudice test must be something external to the

petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external

to the defense [that] impeded ... efforts to comply with the State's procedural rule."  *Coleman*,

501 U.S. at 753 (quoting *Murray,* 477 U.S. at 488).  "Such factors may include interference by

officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing

that a factual or legal basis for a claim was not previously available."  *Wilson v. Hurley,* 382 F.

App'x 471, 478 (6th Cir. 2010) (citing *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991)).

      In this case, as respondent has argued in the return of writ (Doc. 6, pp. 10-12), it appears

that petitioner procedurally defaulted his claims by failing to file a timely appeal to the Ohio

Supreme Court.  While petitioner filed a timely appeal with the Ohio Court of Appeals (Doc. 6,

Ex. 9), he committed a procedural default by failing to timely appeal the appellate court decision

to the Ohio Supreme Court.  Petitioner attempted to perfect an appeal to the Ohio Supreme Court

by filing a delayed appeal on March 13, 2009, 158 days after the intermediate court issued its

October 6, 2008 decision overruling petitioner's assignments of error and affirming the trial

court's judgment.  (*See* Doc. 6, Ex. 11 & 12).  However, the Ohio Supreme Court refused to

allow the appeal by summarily denying the motion.  (Doc. 6, Ex. 14).

     In *Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir. 2004) (*per curiam*)*,* the Sixth Circuit

ruled that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal

constitutes an adequate and independent state procedural ruling sufficient to bar federal court

review of a habeas corpus petition.[3]  *See generally Harris,* 489 U.S. at 260-62.   In so holding,

the Sixth Circuit reasoned that "the applicable Ohio [Supreme Court] rules indicate that the

denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits."

*Bonilla,* 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein).  The court

explained:

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the
> date of entry of the judgment being appealed and adequate reasons for the delay."
> Ohio Sup.Ct. R. II, Section 2(A)(4)(a).   In addition, the motion must be
> accompanied by a supporting affidavit and a "copy of the decision being
> appealed."  *Id.*  A motion for a delayed appeal is not required to contain the actual
> claims and supporting arguments sought to be presented on appeal.  *Id.*  Instead,

---

[3]  Petitioner contends that "the fact that the Ohio Supreme Court has allowed other defendants to proceed via
motions for delayed appeals proves that it is not a rule that is strictly and consistently followed to preclude federal
review." (Doc. 10, p. 5).  However, as the Supreme Court recently noted in *Walker v. Martin*, __ U.S.__, 131 S.Ct.
1120, 1127-28 (2011):

> To qualify as an adequate procedural ground, a state rule must be firmly established and regularly
> followed. [A] discretionary state procedural rule, we held in *Kindler,* can serve as an adequate
> ground to bar federal habeas review.  A rule can be 'firmly established' and 'regularly followed,'
> *Kindler* observed, even if the appropriate exercise of discretion may permit consideration of a
> federal claim in some cases but not others.

*Id.* (internal citations and quotation marks omitted) (referencing *Beard v. Kindler*, 588 U.S. __, 130 S.Ct.
612, 618 (2009)).

> only when "the Supreme Court grants a motion for delayed appeal," is the
> appellant required to "file a memorandum in support of jurisdiction." Ohio
> Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate
> that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling
> on the merits.

*Bonilla,* 370 F.3d at 497.

As in *Bonilla*, petitioner here failed to file a timely notice of appeal with the Ohio

Supreme Court and his motion for leave to file a delayed appeal was denied by that court

apparently because he failed to demonstrate adequate reasons for his delay in filing. *See id.* The

Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested relief." *Id.*

In such circumstances, it must be assumed that the state supreme court enforced the applicable

procedural bar. *Id.* (citing *Sparkman,* 94 F.3d at 203).

Because petitioner failed to comply with a state procedural rule, which was relied on by

the Ohio Supreme Court in denying his motion for delayed appeal, petitioner may have waived

all of his claims for federal habeas relief. "When a 'state prisoner has defaulted his federal

claims in state court pursuant to an independent and adequate state procedural rule, federal

habeas review of the claims is barred unless the prisoner can demonstrate cause for the default

and actual prejudice . . . or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice.'" *Id.* (quoting *Coleman,* 501 U.S. at 750). Accordingly, the

Court concludes that petitioner's claims for relief, which were procedurally defaulted by

petitioner when he failed to timely appeal to the Ohio Supreme Court, are barred from review

absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner argues that he has demonstrated cause and prejudice to overcome his

procedural default. (Doc. 10, p. 5). First, petitioner argues that his failure to timely appeal to the

Ohio Supreme Court was due to his pro se status, lack of legal training and insufficient access to

the prison law library.  *Id.* at 2-4.  Petitioner contends that his library time was limited to roughly two and a half hours a month from December 2008 through May 2010.[4]  *Id.* at 3.  He argues that given his lack of legal training and his inability to obtain legal assistance from the Ohio Public Defender's Office that it is "not unrealistic" for petitioner to have filed an untimely appeal to the Ohio Supreme Court.  (Doc. 10, p. 3).

In *Bonilla,* the Sixth Circuit rejected similar arguments, holding that the petitioner's pro se status, limited access to the prison law library, and ignorance of the law and procedural requirements for filing a timely notice of appeal were insufficient to establish cause sufficient to excuse his procedural default.  *Bonilla,* 370 F.3d at 498.  *See also Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995).  Furthermore, petitioner has neither explained why he required additional time to conduct further legal research pertaining to the issues that had already been argued by his appellate counsel on direct appeal nor demonstrated that limited access to the law library actually prevented him from filing a timely appeal to the Ohio Supreme Court.  *See Bonilla*, 370 F.3d at 498.

Petitioner also contends that his untimely filing was due to the ineffective assistance of appellate counsel.  (Doc. 1, p. 15; Doc. 6, Ex. 12, p. 2).  Specifically, petitioner argues that he was unable to file a timely appeal because appellate counsel failed to notify him of the Ohio Court of Appeals' decision prior to the expiration of the 45-day time limit for filing a timely appeal to the Ohio Supreme Court.  *Id.*  Petitioner maintains that "[w]ithout a time-stamped copy of the judgment entry Petitioner was unable to comply with Supreme Court rules requiring him to attach a time-stamped copy of the judgment entry."  (Doc. 1, p. 15).

---

[4]  Petitioner contends that from December 2008 to May 2010, the law library was limited to five inmates at a time, for periods no longer that one hour and fifteen minutes.  He claims that inmates signing up for library time would only receive a pass to the library about once every two weeks unless they arranged more access with "under-the-table" payments.  (Doc. 10, p. 3).

Ineffective assistance of counsel may constitute cause for a procedural default, s*ee, e.g.,* *Murray,* 477 U.S. at 488, however, attorney error cannot constitute cause where there is no constitutional entitlement to counsel, such as on discretionary appeal to the Ohio Supreme Court. *See Williams v. Hurley*, No. 2:05-cv-985, 2006 WL 1804550, at \*1-2 (S.D. Ohio June 28, 2006) (quoting *Smith v. Ohio Dep't of Rehab. & Corr.*, 331 F.Supp.2d 605, 620 (N.D. Ohio 2004) (citing *Coleman*, 501 U.S. at 751-53)). In order for the ineffective assistance of appellate counsel to serve as cause to excuse a procedural default petitioner must show that his appellate counsel's failure to raise the claims rose to the level of a constitutional violation under *Strickland v. Washington,* 466 U.S. 668 (1984). *McFarland v. Yukins,* 356 F.3d 688, 699 (6th Cir. 2004). To establish that his appellate attorney was ineffective, petitioner must demonstrate that (1) counsel made such serious errors he was not functioning as "counsel" guaranteed by the Sixth Amendment; and (2) the allegedly deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

In *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 434-35 (6th Cir. 2006), the Sixth Circuit held that effective assistance of appellate counsel includes counsel's duty to inform the client of the Ohio Court of Appeals' decision. The *Smith* court found counsel's failure to inform petitioner of his appellate decision until three days before his appeal to the Ohio Supreme Court was due constituted constitutionally deficient performance. *Id.*

In assessing whether counsel's deficient performance resulted in prejudice, the Sixth Circuit found the relevant inquiry to be whether "there is a reasonable probability that, but for counsel's deficient failure to notify [petitioner] of the Ohio Court of Appeals decision, [petitioner] would have timely appealed to the Ohio Supreme Court." *Id.* at 435 (internal quotation marks removed) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). "[I]f the

period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal-here, forty-five days-the defendant fails to demonstrate that he or she 'would have timely appealed' the decision." *Id.* (emphasis in original) (citing *Flores-Ortega*, 528 U.S. at 485). Because the petitioner in *Smith* waited approximately five months after counsel notified him of the outcome of his appeal, the court found that petitioner failed to establish that he was prejudiced by counsel's failure to notify him and could not rely on counsel's deficient performance to overcome his procedural default. *Id.* at 435-36.

In the instant case, petitioner was notified of the Ohio Court of Appeals' decision on December 8, 2008. (*See* Doc. 6, Ex. 12, Attachment 2). Petitioner filed his delayed appeal to the Ohio Supreme Court on March 13, 2009, 50 days in excess of the 45-day time limit for filing a timely appeal. (*See* Doc. 6, Ex. 12). Because petitioner failed to appeal the Ohio appellate court decision within 45 days of being notified of the decision, petitioner has failed to demonstrate that he was prejudiced by his counsel's deficient performance or, in other words, that there was a reasonable probability that he would have timely appealed if not for counsel's failure to notify him. *See Smith*, 463 F.3d at 436. Accordingly, petitioner cannot rely on the ineffective assistance of appellate counsel as being cause to overcome the procedural default of his claims for habeas relief. *See id.*

Petitioner also appears to argue that his inability to obtain legal assistance from the Ohio Public Defender's Office serves as cause for his procedural default.[5] (Doc. 10, p. 3; Doc. 6, Ex.

---

[5]  In his traverse petitioner argues as follows:

> Given these circumstances and time-tables it is not unrealistic for Petitioner to file his motion for leave to file a delayed appeal in the Ohio Supreme Court, especially considering that the Ohio Public Defender declined to represent him. Take a young man who never had any experience with legal matters, who has always had been represented by a lawyer in his legal matters, and then place him in a prison that does not

12, p. 2).  As noted previously, while the ineffective assistance of counsel under some circumstances may serve as cause to overcome a procedural default, *see Burton v. Renico*, 391 F.3d 764, 773 (6th Cir. 2004) (citing *Buell v. Mitchell,* 274 F.3d 337, 351-52 (6th Cir. 2001)), petitioner had no constitutional right to counsel on post-conviction relief.  *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001).  Therefore, his inability to secure counsel to assist him in filing an appeal to the Ohio Supreme Court does not constitute cause to excuse his procedural default in this case.  *See Bonilla*, 370 F.3d at 498.

In his traverse, petitioner also contends that he is entitled to equitable tolling under *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).  (Doc. 10, p. 4).  In *Dunlap*, the Sixth Circuit held that the AEDPA statute of limitations is subject to equitable tolling and adopted the five-prong test set out in *Andrew v. Orr*, 851 F.2d 146 (6th Cir. 1998), for determining under what circumstances a federal habeas courts may consider otherwise time-barred claims in individual cases.  *Dunlap*, 250 F.3d at 1007, 1009.  In this case, petitioner filed a timely habeas petition within the limitations period set forth in 28 U.S.C. § 2254(d).  Accordingly, *Dunlap* is inapplicable to petitioner's case and does not provide precedent to toll the Ohio Supreme Court deadline for filing a timely appeal or otherwise consider petitioner's defaulted grounds for relief.

---

follow its rules or policies, and then add a Public Defender who declines to help him, and when all of this is considered, if Assistant Attorney General Matune expects a person to present something as complex as a motion for a delayed appeal to the Ohio Supreme Court, then for certain, she had to graduate from law school and then get her license in less than six months because this is what she is suggesting as it relates to Petitioner. Also, she has at her disposal an office staff of at least 32 people who, among other tasks, simply has to push computer functions to obtain "auto-arguments" with built-in case citations in order to formulate documents such as the "Return of Writ" for the Respondent.  But had she had to use a regular typewriter, carbon paper, and had to do the research herself without all the "auto" computer functions, she most likely would have asked for eighteen months worth of continuances for the Return of Writ.

Another way to look at this is, what if Respondent had to do his own Return of Writ?  A prudent jurist knows that it would take him more than a year to oblige state and federal standards.  But as an old Chinese proverb goes, "A fat belly does not know that such a thing exists."  And so it is with an assistant attorney general who expects a person untrained in law to perform complex legal functions, after first acquiring complex legal knowledge.

13

*See, e.g.*, *Davis-Bey v.* Bradshaw, No. 1:04-cv-2101, 2008 WL 731059, at *4 (N.D. Ohio Mar. 16, 2008) (finding petitioner's reliance on *Dunlap* mistaken because "[e]quitable tolling applies in situations where the habeas petition is dismissed on the basis of untimeliness under 28 U.S.C. § 2254(d), not a failure to "fairly present" the claims to the state courts.").

Petitioner has also argued that the Ohio Court of Appeals should be required to inform petitioner of the time requirements for filing an appeal to the Ohio Supreme Court. (Doc. 10, p. 5). However, as noted previously, ignorance of the law and procedural requirements are insufficient to establish cause for a procedural default. *Bonilla*, 370 F.3d at 498. Furthermore, since petitioner had no constitutional right to a direct appeal to the Ohio Supreme Court, the state appellate court's failure to inform him of filing deadlines for such an appeal does not constitute cause for his default. *Cf. King v. Warden*, 2008 WL 2795518, No. 1:07-cv-428, at *5 (S.D. Ohio July 18, 2008) ("Since petitioner's appeal to the Supreme Court of Ohio is not an appeal of right, but rather a discretionary appeal, petitioner has no constitutional right to that appeal, and any alleged failure of the Ohio Court of Appeals or his appellate counsel to notify him of any further appeal to the Ohio Supreme Court does not constitute unconstitutional state action under § 2244(d)(1)(B).").

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse his procedural defaults, petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

---

(Doc. 10, pp. 3-4).

critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327-28.  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329.  The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998).  *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998).  The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard as he has not supported his allegations of constitutional error with any new evidence of actual innocence.  Petitioner's habeas petition and traverse focus solely on his constitutional claims.  (*See* Docs. 1, 10).  Accordingly, the Court is unable to reach the merits of his claims. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316.  Although petitioner alleged on direct appeal and in Ground Four of the instant petition that the evidence was insufficient to support his convictions, establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley,* 523 U.S. at 623; *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999).  Therefore, petitioner has not demonstrated that his procedural defaults should be excused under the "fundamental miscarriage of justice"

exception.

Accordingly, in sum, the Court concludes that petitioner has procedurally defaulted his claims for relief by failing to fairly present his claims to the Ohio Supreme Court.  Because petitioner has not demonstrated "cause" for his procedural default or that a fundamental miscarriage of justice will occur if his claims are not considered by this Court, the undersigned concludes that petitioner has waived his claims for federal habeas relief.  Therefore, it is **RECOMMENDED** that petitioner's petition for writ of habeas corpus (Doc. 1) be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect petitioner's grounds for relief, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


              s/ Stephanie K. Bowman
            Stephanie K. Bowman
            United States Magistrate Judge

rh

---

[6] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief.  *See Slack*, 529 U.S. at 484.

17

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KEVIN DAVID COBB,                                    Case No. 1:10-cv-234
      Petitioner,

                              Barrett, J.
      vs.                                             Bowman, M.J.

WARDEN, WARREN CORRECTIONAL
INSTITUTION,
      Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).