**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Kevin David Cobb,

          Petitioner,                                   Case No.: 1:10-cv-234

          v.                                        Judge Michael R. Barrett

Warden, Warren Correctional Institution,

          Respondent.

## OPINION & ORDER

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's, July 6, 2011, Report and Recommendation ("Report") (Doc. 13)[1] and Petitioner Kevin David Cobb's corresponding Petition for Writ of Habeas Corpus (Doc. 1). The Report recommends that the Petition be denied with prejudice. (Doc. 13, 17.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. (Doc. 13, 18); *see United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Petitioner has filed a timely Objection (Doc. 23).

Petitioner's Objections are ripe for review. For the reasons stated below, the Court overrules Petitioner's Objections, and the Report is ADOPTED in its entirety.

## I.    Background

After a jury trial, Petitioner was found guilty of one count of felonious assault, one

---

[1] All Court document citations are to Docket Entry numbers.

count of unlawful sexual conduct with a minor, one count of retaliation, and numerous drug counts. (Doc. 13, 1; Doc. 6, 5–6.) He was sentenced to an aggregate term of twenty-nine years in prison. (Doc. 13, 1–2; Doc. 6, 6.)

Petitioner filed a timely appeal, and the Ohio appellate court affirmed the judgment on October 6, 2008. (Doc. 13, 2; Doc. 6, 6–7.) By way of a December 8, 2008, letter, Petitioner's appellate counsel provided him with a copy of the appellate-court decision. (Doc. 13, 2–3.) Petitioner thereafter sought representation from the Ohio Public Defender's Office. The public defender declined representation in a February 2, 2009, letter. However, the public defender informed Petitioner that because the November 20, 2008, deadline to file an appeal to the Ohio Supreme Court had passed, he would need to file a motion for delayed appeal. (Doc. 13, 3.)

On March 13, 2009, Petitioner filed a pro se motion for leave to file a delayed appeal to the Ohio Supreme Court. (Doc. 13, 3; Doc. 6, 7.) In that motion, Petitioner argued that he was unable to file a timely appeal because his counsel failed to notify him of the appellate-court decision until after the 45-day filing deadline had passed. (Doc. 13, 3.) The Ohio Supreme Court denied Petitioner's motion for delayed appeal on May 6, 2009. (Doc. 13, 3; Doc. 6, 7.)

Petitioner filed the instant petition for a writ of habeas corpus on April 13, 2010. (Doc. 1.) He raises six grounds for relief. (Doc. 13, 3; Doc. 1, 6–14.) However, the Report concludes that Petitioner's grounds are all procedurally defaulted. (Doc. 13, 4, 16.) As it relates to his Objections (*see* Doc. 23), the Report finds that because Petitioner failed to file a timely appeal to the Ohio Supreme Court—his appeal was filed 158-days late—his claims are procedurally defaulted. (Doc. 13, 7–8.) Petitioner moved

for leave to file a delayed appeal, but the Ohio Supreme Court denied it. (Doc. 13, 9.)

Accordingly, because Petitioner failed to comply with a state procedural rule that the

Ohio Supreme Court relied on in denying his appeal, the Report concludes that

Petitioner waived his claims for federal habeas relief absent a showing of cause and

prejudice or a fundamental miscarriage of justice. (Doc. 13, 9.) Petitioner argued that

his untimely filing was due to ineffective assistance of appellate counsel. (Doc. 13, 10.)

But the Report concludes that this argument fails because Petitioner did not

demonstrate that he was prejudiced by his counsel's deficient performance. (Doc. 13,

12.)

The Report recommends that Petitioner's 28 U.S.C. § 2254 petition be dismissed

with prejudice. It further recommends that Petitioner be denied any requested

certificate of appealability and leave to appeal *in forma pauperis*. (Doc. 13, 17.)

Petitioner has filed an Objection (Doc. 23) challenging the Report's recommendations.

Petitioner raises two objections, although both are a part of the same overall

analysis. First, he argues that he clearly demonstrated "cause" for his failure to comply

with a state procedural rule. He states that "[h]is appellate counsel's ineffective

assistance of counsel in failing to inform him of the Ohio Court of Appeals Decision, the

deadline to appeal it to the Ohio Supreme Court, and the consequences of not doing

same (waiving federal habeas relief) constitutes 'cause' for a constitutional deficient

performance." (Doc. 23, 1.) Second, Petitioner argues that his appellate counsel's

deficient performance resulted in prejudice and that he has not waived his claims for

federal habeas relief. He states that "but for counsel's failure to notify Petitioner of the

Ohio Court of Appeals Decision, the deadline to appeal the decision to the Ohio

Supreme Court, and the consequences of not doing same, Petitioner would have timely appealed to the Ohio Supreme Court."  (Doc. 23, 1.)

## II.    Analysis

### A.  Standard of Review

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Petitioner has timely objected.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state-court decisions.  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th

Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (*quoting Williams*, 529 U.S. at 412). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 at 413. The Sixth Circuit has held that even if a federal court determines that a state court incorrectly applied federal law, the court still cannot grant relief unless it also finds that the state-court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

### B.    Petitioner's Objections

An application for a writ of habeas corpus filed by a state defendant may not be granted unless the applicant has exhausted the available state-court remedies. 28 U.S.C. § 2254(b)(1)(A). A petitioner's claims must first be raised before the state courts. *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002). Normally, federal courts may not review such unexhausted claims that have not been previously raised. *Id.* (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). Where unexhausted claims are procedurally barred under state law, such claims are procedurally defaulted for purposes of federal habeas review. *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991)); *see also Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000) ("When a habeas

petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.") Here, the Report concludes that Petitioner's claims are procedurally defaulted because he failed to timely appeal to the Ohio Supreme Court. As a result, the Report concludes that Petitioner's grounds for relief are barred from review absent a showing of cause and prejudice or a fundamental miscarriage of justice. (Doc. 13, 9.) "In order to gain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate cause and prejudice for the failure, or that a miscarriage of justice will result from the lack of review." *Alley*, 307 F.3d at 386 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 90–91 (1977)).

### 1.    Cause and Ineffective Assistance of Counsel

Petitioner's first objection argues that he has demonstrated cause for his failure to comply with Ohio's procedural rule because of his appellate counsel's ineffective assistance. (Doc. 23, 1.) Ineffective assistance of counsel can serve as cause to overcome procedural default. *Smith*, 463 F.3d at 432. To demonstrate ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel made such serious errors he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) the allegedly deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Whether Petitioner was prejudiced is the subject of his second objection. (Doc. 23, 1.) Petitioner maintains that his appellate counsel's deficient performance resulted in prejudice because absent that

deficiency, Petitioner would have timely appealed to the Ohio Supreme Court. (Doc. 23, 1.)

### a. Constitutionally Deficient Performance

Here, there is no question that the performance of Petitioner's appellate counsel was constitutionally deficient. As the Report discussed, the Sixth Circuit determined in *Smith v. Ohio Department of Rehabilitation & Corrections*, 463 F.3d 426 (6th Cir. 2006), that the failure of a defendant's counsel to provide timely notice of the decision of an intermediate appellate court on direct appeal is constitutionally deficient performance. 463 F.3d at 434. "Because the decision regarding whether to 'take an appeal' is a 'fundamental decision' that 'the accused has the ultimate authority to make,' counsel has a duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal." *Id.* But Petitioner's appellate counsel did not meet this requirement. Petitioner was not notified of the appellate-court decision affirming the judgment against him until approximately two months after it was issued. (Doc. 13, 2–3.) Thus, the issue becomes whether this deficient performance prejudiced Petitioner. *See Strickland*, 466 U.S. at 687; *see also Smith*, 463 F.3d at 432 ("To demonstrate ineffective assistance of counsel . . . a defendant must show both that his counsel's performance was deficient, and that his counsel's deficient performance was prejudicial."). This is the subject of Petitioner's second objection. (Doc. 23, 1.)

### b. Prejudicial Performance

Where a defendant demonstrates that "counsel's deficient performance 'actually caused the forfeiture of the defendant's appeal," courts will presume prejudice. *Smith*,

463 F.3d at 435 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). In assessing whether counsel's deficient performance caused the forfeiture of an appeal, the relevant inquiry is whether "there is a reasonable probability that, but for counsel's deficient failure to notify [petitioner] of the Ohio Court of Appeals decision, [petitioner] would have timely appealed to the Ohio Supreme Court." *Id.* (internal quotations omitted) (quoting *Flores-Ortega*, 528 U.S. at 484.) In considering this standard, the court applied "a rebuttable presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal—here, forty-five days—the defendant fails to demonstrate that he or she would have timely appealed the decision." *Id.* "In the absence of other circumstances hindering the defendant's ability to attempt to appeal the decision within this time frame, allowing a greater amount of time would generally bestow a windfall upon the defendant whose counsel promptly failed to notify the defendant of a decision." *Id.*

Petitioner was notified of the appeals-court decision on December 8, 2008, and he filed leave to file a delayed appeal on March 13, 2009. (Doc. 13, 2–3.) Therefore, he filed his motion 95 days after learning of the appellate decision, well in excess of the 45-day period that Ohio permits. (Doc. 13, 12.) Accordingly, the Report found that "[b]ecause Petitioner failed to appeal the Ohio appellate court decision within 45 days of being notified of the decision, Petitioner has failed to demonstrate that he was prejudiced by his counsel's deficient performance or, in other words, that there was a reasonable probability that he would have timely appealed if not for counsel's failure to notify him." (Doc. 13, 12.) Petitioner's only specific objection takes issue with this

8

conclusion.

Petitioner argues that the Report's application of this rule is "misplaced, arbitrary, and capricious." (Doc. 23, 1.) He argues that he "appealed his case to the Ohio Supreme Court as promptly as he could," and that it is "patently unfair" to expect "the Petitioner, an incarcerated layperson acting pro se, to know that you must file a Motion for Leave to File a Delayed Appeal no more than forty-five days of the time you were notified of the appellate decision." (Doc. 23, 2.) This argument is not well taken.

Binding precedent forecloses Petitioner's argument regarding his knowledge as an incarcerated layperson filing pro se. The Sixth Circuit held that a petitioner's "pro se status before the Ohio Supreme Court" and "ignorance of the law and procedural requirements for filing a timely notice of appeal" are "insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *see also Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995) ("[Petitioner's] pro se status and ignorance of his rights do not constitute cause excusing his failure to raise grounds before the state courts."); *Norris v. Warden, Oakwood Corr. Facility*, No. 1:10-cv-764, 2011 WL 5881189, at *8 (S.D. Ohio Oct. 21, 2011) ("the petitioner's *pro se* status, limited access to the prison law library, and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to establish cause."); *Wallace v. Moore*, 1:07-cv-406, 2008 WL 4372691, at *9 (S.D. Ohio Sept. 24, 2008) (rejecting petitioner's claims of limited access to prison law library as cause for default). Petitioner cites no caselaw to the contrary. (*See* Doc. 23.) Therefore, the Report properly disregarded this factor as a consideration, and Petitioner is incorrect where he argues that his pro se status and ignorance of the law should excuse his delayed appeal.

Petitioner has failed to show that he was prejudiced by his appellate counsel's deficient performance, and he has failed to show cause for his failure to comply with Ohio's procedural rule. Therefore, his grounds for relief are procedurally defaulted for purposes of federal habeas review. For the foregoing reasons, both of Petitioner's objections are OVERRULED.

## III. Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds Magistrate Judge Stephanie K. Bowman's Report (Doc. 13) to be thorough, well reasoned, and correct. The Report is **ADOPTED** in its entirety. Petitioner's objections are **OVERRULED**. As the Report recommends (Doc 13, 17), the Court **ORDERS** that Petitioner's writ of habeas corpus (Doc. 1) is **DENIED with PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this conclusion and because any appeal of this Order would not be taken in good faith, Petitioner is **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see* Fed. R. Civ. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**.

*/s/Michael R. Barrett*
United States District Judge